# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEILA MOTT,
               Appellant,

        v.

DEPARTMENT OF VETERANS
  AFFAIRS,
               Agency.

DOCKET NUMBER
AT-0752-14-0451-I-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Archibald J. Thomas III</u>, Jacksonville, Florida, for the appellant.

<u>Joy C. Vilardi-Rizzuto</u>, Esquire, Tampa, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which mitigated her removal to a two-grade demotion. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The agency removed the appellant from her GS-07 Supervisory Medical Administration Specialist position under chapter 75 for three performance‑based charges. Initial Appeal File (IAF), Tab 4 at 63, 71-73, 89-93. The appellant filed the instant appeal. IAF, Tab 1. She did not request a hearing. *Id.* Following the close of the record, the administrative judge issued an initial decision in which he found that the agency failed to establish significant portions of its case and mitigated the appellant's removal to a demotion to the position and grade she held prior to her promotion to supervisor, Medical Support Assistant, GS-05. IAF, Tab 45, Initial Decision (ID).

¶3 Regarding the agency's first charge, failure to properly perform duties, the administrative judge only sustained 1 out of the agency's 11 specifications, finding that, despite the large number of vacant appointment slots, the appellant actually had exceeded the required clinic utilization rate of 85%. ID at 5-8; IAF, Tab 4 at 89-91. He found that the agency only established specification 8 of the first charge, which involved the appellant's decision to cancel 2 clinics based on unfilled slots and her supervisor's assertion that she was able to fill the unfilled

slots in about 20 minutes. ID at 6; IAF, Tab 19 at 8, Tab 4 at 90. The administrative judge struck the second and fifth specifications of the second charge, failure to perform supervisory duties, and the agency did not object to this finding. IAF, Tab 4 at 91-92, Tab 38 at 3, Tab 42 at 11. The administrative judge did not sustain the remaining three specifications and, consequently, did not sustain the second charge. ID at 8-9; IAF, Tab 4 at 91-92. On the third charge, failure to perform duties in a timely manner, the administrative judge sustained the agency's sole specification, finding it more likely than not that the appellant failed to timely ensure the return of a terminal patient's claim file to the regional office. ID at 10-11; IAF, Tab 4 at 92. The purpose of ensuring timely return of the file was to facilitate the adjudication of the patient's pending claim before he passed away and thereby avoid the need for the patient's family to resubmit the claim. ID at 10-11; IAF, Tab 4 at 92.

¶4    The appellant withdrew her discrimination and retaliation affirmative defenses during a prehearing status conference. IAF, Tab 1 at 15-17, Tab 38 at 2; ID at 1 n.2. The administrative judge raised a harmful error defense sua sponte because the agency's notice of proposed removal incorrectly informed the appellant in one place that the agency had proposed her demotion instead of her removal; however, the administrative judge ultimately rejected the defense because the notice correctly identified the proposed action as the appellant's removal nine other times. IAF, Tab 4 at 89-93, Tab 38 at 4; ID at 11. Although the nature of the charges established nexus because they involved the appellant's ability to satisfactorily perform her duties, the administrative judge found that the appellant's removal on the sustained charges did not promote the efficiency of the service because the agency only established 1 out of 11 specifications of the first charge and failed to establish the second charge in its entirety. ID at 12-14. Because it was undisputed that the appellant performed satisfactorily in lower‑level positions, the administrative judge found the maximum reasonable penalty was demotion to the position and grade she held prior to her promotion to

a supervisory position, Medical Support Assistant, GS‑05, and he mitigated the penalty accordingly.  ID at 12-14.

¶5    In her petition for review, the appellant argues that the administrative judge erred in sustaining the first and third charges.  Petition for Review (PFR) File, Tab 1 at 4-5.  She also challenges the administrative judge's characterization of her as a poor manager, arguing that he must not have reviewed her "extensive history of performance appraisals."  *Id.* at 5.  She contends that the administrative judge favored others' statements and that he ignored her sworn statement in favor of her unsworn statement.  *Id.* at 6.  The appellant also disagrees with her demotion "because all the charges and specifications against me were false" and submits significant additional documentation, but she does not explain the significance of these documents.  *Id.*; PFR File, Tabs 2-3.  The agency responds in opposition to the appellant's petition for review, but it did not file a cross petition for review and does not challenge the administrative judge's findings as to the charges or his mitigation of the penalty.  PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    Following the agency's response to her petition for review, the appellant designated a new representative and filed a motion to submit an additional pleading.  PFR File, Tabs 7-8.  In response, the Acting Clerk of the Board informed the appellant that the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response.  PFR File, Tab 9; *see* 5 C.F.R. § 1201.114(a)(5).  A description of these pleadings and the time limits for filing them are set forth in the Board's regulations.  5 C.F.R. § 1201.114(a), (e).  For the Board to consider a party's pleading, other than one of those set forth above, the party must describe the nature and need for the pleading.  5 C.F.R. § 1201.114(a)(5).  If a party wishes to submit a pleading

after the record has closed, the party also must show that the evidence was not readily available before the record closed.  5 C.F.R. § 1201.114(a)(5), (k).

¶7    The appellant describes the nature and need for her additional pleading and asserts that the evidence she seeks to submit proves that the C-file, which is the subject of the agency's third charge, was actually shipped to the requester after only 2 days, arriving on August 9, not September 24, 2013, as the agency alleged.  PFR File, Tab 8; ID at 10; IAF, Tab 4 at 92.  She alleges the existence of a database that she contends would show not only that the agency was wrong about the date that the file was returned to the requestor, but that her chain of command concealed this information from her.  PFR File, Tab 8.  In addressing the issue of her diligence in pursuing this information, the appellant contends that she was unable to research the charge because the agency terminated her computer and physical access following her removal.  *Id.*

¶8    We deny the appellant's request.  5 C.F.R. § 1201.114(a)(5).  Although the record reflects that discovery was contentious in this matter, IAF, Tab 10, the agency ultimately submitted extensive materials responsive to the appellant's discovery requests, IAF, Tabs 30-35, and the record reflects that the appellant did not make any subsequent objections or renew her motion to compel.  To the extent that the appellant is now challenging the agency's discovery response, her failure to do so following the agency's response was not diligent.  *Hebert v. Department of the Navy*, 57 M.S.P.R. 68, 72-73 (1993).  Similarly, the appellant acknowledges in her petition for review that she did not anticipate that the United Parcel Service tracking number she identified in her unsworn submission below would be too old for the administrative judge to retrieve the delivery information.  PFR File, Tab 1 at 5.  The agency proposed the appellant's removal on November 19, 2013, two months after the events at issue.  IAF, Tab 4 at 89.  She filed the instant appeal in February 2014.  IAF, Tab 1.  She does not explain why she failed to obtain the tracking information between the time when her removal was first proposed and when she filed her appeal.  Under the circumstances, we

find that the appellant failed to exercise due diligence and therefore is responsible for the absence of evidence to support her claims. *Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 468 (1991). Consequently, we find that the administrative judge properly sustained the third charge. ID at 10‑11; IAF, Tab 4 at 92.

¶9 Regarding the sustained charges, the appellant contends on review that she did not cancel the clinics as alleged in specification 8 of the first charge because she was out on leave. PFR File, Tab 1 at 4; IAF, Tab 4 at 90. Although the administrative judge did not mention this detail in the initial decision, the record reflects that the appellant called in from home on sick leave to cancel the clinics at issue. IAF, Tab 4 at 133-34. Moreover, in her contemporaneous response to her supervisor's admonition for canceling the clinics, the appellant acknowledged that she canceled the clinics and did not fill the slots, as the agency alleged, and she questioned the usefulness of the clinics. *Id.* at 90, 134. Thus, we find that the administrative judge properly sustained this specification and, in light of the indisputable importance of getting veterans into open clinic slots to the fulfillment of the agency's mission, we also agree with the administrative judge that this specification is sufficient to sustain the charge. ID at 5-8.

¶10 The balance of the appellant's contentions on review involve the weight that the administrative judge gave to particular evidence and the conclusions he drew from those determinations. PFR File, Tab 1 at 4-7. Although there was no hearing and the administrative judge's conclusions are therefore not entitled to the deference accorded demeanor-based observations, *e.g.*, *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002), the appellant offers no reason to discount the administrative judge's findings concerning the sustained charges or his decision to mitigate the penalty to a demotion. Moreover, in contrast to the appellant's categorical statements that the administrative judge refused to consider her evidence and that the agency's evidence was false, the record instead reflects that the administrative judge gave the appellant's evidence serious

consideration and that he held the agency to its burden of proof, finding that the agency failed to establish most of the specifications set forth in the notice of proposed removal and mitigating the penalty as a result. ID at 12-14.

¶11 Accordingly, we deny the appellant's petition for review and affirm the initial decision.

**ORDER**

¶12 We ORDER the agency to cancel the removal and substitute in its place a demotion to the position and grade of Medical Support Assistant, GS-05, effective January 19, 2014. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition

should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶16     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at title 5 of the U.S. Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.



| DFAS CHECKLIST |
| --- |
| **INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |

AS CHECKLIST: INFORMATION REQUIRED BY IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.